IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO THOMAS, <br> AIS # 131996, <br><br> Plaintiff, <br> v. <br><br> SGT. WILLIAMS, *et al.*, <br><br> Defendants. | CASE NO. 3:25-CV-976-WKW <br> [WO] |

## **ORDER**

Plaintiff Alonzo Thomas, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging excessive force by correctional officers at Kilby Correctional Facility. (Doc. # 1.) Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. # 2.) By Order dated January 12, 2026 ("January 12 Order"), Plaintiff's application to proceed IFP was granted, and Plaintiff was directed to pay an initial partial filing fee of $7.50 by February 2, 2026. (Doc. # 6.) On January 30, 2026, the court received a notice of a change of address from Plaintiff, stating that he had been transferred to Ventress Correctional Facility. (Doc. # 7.)

To date, Plaintiff has not paid the $7.50 initial partial filing fee. Although Plaintiff was transferred from Kilby Correctional Facility to Ventress Correctional Facility after the Order granting his application to proceed IFP was issued, this does not excuse his failure to pay the initial partial filing fee as directed. Because Plaintiff

has failed to comply with the January 12 Order, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **March 3, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $7.50 initial partial filing fee as directed.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish (1) a copy of this Order and (2) a copy of Document Number 6 to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from

Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 17th day of February, 2026.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE