IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO THOMAS,                          )
AIS # 131996,                           )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     CASE NO. 3:25-CV-976-WKW
                                        )              [WO]
SGT. WILLIAMS, *et al.*,                )
                                        )
          Defendants.                   )

## **ORDER**

Plaintiff Alonzo Thomas, an inmate proceeding *pro se*, filed a complaint

pursuant to 42 U.S.C. § 1983 (Doc. # 1) and an application for leave to proceed *in*

*forma pauperis* (Doc. # 2).  After Plaintiff submitted his prison trust fund account

statement (Doc. # 5), an Order dated January 12, 2026 ("January 12 Order") was

issued, granting Plaintiff's application to proceed *in forma pauperis* and directing

him to pay an initial partial filing fee of $7.50 by February 2, 2026.  (Doc. # 6.)  The

January 12 Order expressly cautioned Plaintiff that his failure to comply with the

Order would result in dismissal of this action for failure to prosecute and comply

with an order of the court.  (Doc. # 6 at 5.)

After Plaintiff failed to pay his initial partial filing fee by the imposed

deadline, an Order was issued on February 17, 2026 ("February 17 Order"), directing

Plaintiff to show cause as to why this action should not be dismissed for his failure

to pay the initial partial filing fee as directed.  (Doc. # 8.)  The February 17 Order set a deadline of March 3, 2026, for Plaintiff to respond and again cautioned Plaintiff that his failure to comply would result in dismissal of this action for failure to prosecute and comply with an order of the court.  (Doc. # 8 at 2, 3.)

To date, Plaintiff has neither paid the $7.50 initial partial filing fee as directed nor responded to the February 17 Order instructing him to show cause for his failure to pay the initial partial filing fee.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a

2

sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the January 12 and February 17 Orders, despite their express directives and warnings. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 10th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3